# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SURGICORE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 C 2451 |
| | ) | |
| OFFICE OF PERSONNEL MANAGEMENT, | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Surgicore, Inc. has moved this court to alter or amend its March 21, 2005 order remanding Plaintiff's denial-of-benefits appeal to Defendant Office of Personnel Management ("OPM"). Surgicore contends that by remanding the appeal to OPM for further review, rather than directing OPM to pay disputed benefits, this court exceeded its remedial authority under Federal Employees Health Benefits Act ("FEHBA") regulations. For the reasons discussed here, the court denies Surgicore's motion.

## BACKGROUND

The facts of this case are presented in this court's March 21, 2003 Memorandum Opinion and Order. *See Surgicore Inc. v. Office of Personnel Management*, No. 03 C 2451, 2006 WL 733548 (N.D.Ill. Mar. 21, 2006)("*Surgicore I*"). This opinion assumes the reader's familiarity with that decision.

## DISCUSSION

The FEHBA regulation relevant to Surgicore's Rule 59 motion states in pertinent part as follows:

> A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute.

5 C.F.R. § 890.107 (2006). As Surgicore interprets this provision, this court's only option after

concluding that OPM failed to consider relevant evidence was an order directing OPM to pay the disputed benefits. Pl.'s Motion to Amend or Alter the Judgment Pursuant to Fed. R. Civ. P. 59(e) (hereinafter "Motion to Amend Judgment"), at ¶ 8. The court disagrees. This provision precludes the court from awarding (and Surgicore from "recover[ing]") amounts in excess of disputed benefits; it does not purport to limit this court's authority to remand the appeal to OPM for further review. *See Robinson v. Humana Group Health Plan, Inc.*, Civ. A. No. 95-1233 (GK), 1996 WL 653846, *11 (D.D.C. Nov. 5, 1996)(remanding to OPM for a new determination where OPM "failed to demonstrate a rational basis for [its] decision."). The cases Plaintiff cites are not to the contrary. Motion to Amend Judgment at ¶ 15. In *Botsford v. Blue Cross and Blue Shield of Montana, Inc.*, the Ninth Circuit held that FEHBA remedies preempt state-law remedies based, in part, on FEHBA's "detailed enforcement scheme." 314 F.3d 390, 397 (9th Cir. 2002). The *Botsford* opinion quotes § 890.107, the provision limiting "recovery" to an order directing OPM to pay disputed benefits, but does not address the appropriateness of remand to address oversights in OPM's review. *Id. See also Burgin v. OPM*, 120 F.3d 494, 499 (4th Cir. 1997)(same); *Hewitt v. OPM*, 390 F. Supp. 2d 685, 692 (N.D.Ill. 2005)(same). Simply because the courts in these cases directed OPM to pay benefits does not mean, or even imply, that remand is inappropriate.

Significantly, and in contrast to this case, both the *Burgin* and *Hewitt* courts concluded that OPM's final decision was not supported by the administrative records in those cases. *See Burgin*, 120 F.3d at 499 (concluding that "[a]ll of the medical opinions in the record" supported the "only requirements for coverage apparent on the face of the Plan."); *Hewitt*, 390 F. Supp. 2d at 689–90 (noting that "OPM's final determination directly contradicts OPM's own internal medical analysis," the court held that "OPM's decision that Hewitt was not eligible for hospitalization benefits is not supported by any information in the record."). Here, the court has not concluded that OPM's final determination is contrary to evidence in the administrative record. Rather, the court has determined that OPM entirely failed to review materials that it had itself requested from Surgicore. *See*

2

*Surgicore I*, 2006 WL 733548, *9. Remand is the appropriate remedy where, as here, the agency has failed to consider all relevant evidence. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Nothing in FEHBA's implementing regulations requires a different result.

## **CONCLUSION**

Plaintiff's Motion to Amend Judgment (53) is denied.

ENTER:

Dated: April 20, 2006

_____
REBECCA R. PALLMEYER
United States District Judge